HARRIS, Chief Judge.
Hubbard Construction Company appeals the grant of summary judgment against it in its action against the Orlando/Orange County Expressway Authority. We reverse.
Hubbard Construction Company entered into a contract with the Orlando/Orange *1155 County Expressway Authority (OOCEA) to construct approximately 1.9 miles of the Orlando/Orange County Expressway. The work included an estimated 587,250 cubic yards of embankment. The contract specified that OOCEA would provide on-site sources for the embankment material and that Hubbard was to compact this material in twelve-inch layers. Each layer was to be compacted to a density of at least 100 percent of the maximum density as determined by AASHTO T 99, Method C, also known, and hereinafter referred to, as the Standard Proctor test. OOCEA assigned the responsibility of conducting the density testing to its designated Project Engineer.
Thus, as Hubbard installed and compacted the fill dirt, OOCEA’s representative tested the layers at random locations to determine whether the required density was achieved. If the layer failed the density test, Hubbard was required to rework that layer.
Hubbard experienced repeated difficulty satisfying the density tests, which resulted in severe loss of construction productivity and efficiency. Hubbard brought in additional equipment and employed extraordinary compaction methods in a continuing effort to attain OOCEA density criteria as mandated by OOCEA. When these methods failed to produce an effective level of productivity, Hubbard arranged for more costly imported embankment material from an off-site source. After about eighty percent of the embankment work had been completed, in frustration at the continued problems it was experiencing in achieving the required compaction density, Hubbard sought a second opinion regarding the embankment material’s suitability.
The results of these tests revealed that OOCEA (through its representative) had been applying the wrong standard. Rather than the Standard Proctor to which OOCEA and Hubbard had agreed in their contract, the more severe Modified Proctor standard had been applied. This error was compounded by the fact that Hubbard was still held to a one hundred percent maximum density requirement although the industry standard requires only ninety-five percent maximum density when the more stringent Modified Proctor is used. The problem was corrected, but Hubbard had already completed eighty percent of the embankment and had sacrificed efficiency and productivity to achieve the improperly required more strict Modified Proctor standard.
Hubbard sued OOCEA for breach of contract, claiming that the use of the incorrect test forced Hubbard to perform additional work and incur additional costs for which it was not paid.
It appears that the trial judge granted summary judgment based on the argument that because a principal cannot be liable for the acts of an independent contractor, OOCEA had no liability to Hubbard. Although it is true that an employer normally is not liable for the torts of an independent contractor, this principle has no application in a contract action.[1] Here we find that OOCEA had a nondelegable contractual obligation to apply the appropriate standard, whether it did so in-house or by independent contractor. The summary judgment is reversed and the cause remanded for further action consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
GOSHORN, J., concurs specially, with opinion.

. A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla.1973), involved a negligence action.